

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2006

# Monell v. Govt VI Dept

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5528

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Monell v. Govt VI Dept" (2006). *2006 Decisions*. Paper 71.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/71

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 05-5528

———————

MONA L. MONELL,
                    Appellant

v.

GOVERNMENT OF VIRGIN ISLANDS
DEPARTMENT OF PLANNING & NATURAL
RESOURCES

———————

On Appeal From the District Court
of the Virgin Islands, Division of St. Croix
(D.C. Civil Action No. 03-cv-00050)
District Judge:  Hon. Raymond L. Finch

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 7, 2006

BEFORE:  McKEE, BARRY and STAPLETON,
                    Circuit Judges

(Opinion Filed: December 19, 2006)

———————

STAPLETON, Circuit Judge:

Appellant Monell was terminated from her employment with appellee Government of the Virgin Islands. Her complaint alleges that this adverse employment action was the result of national origin discrimination in violation of Title VII, disability discrimination in violation of the ADA, and age discrimination in violation of the ADEA. She also charges that appellee violated 42 U.S.C. § 1983, Section 303 of the Labor Management Relations Act and the Whistleblower Protection Act of 1989. The District Court entered summary judgment against her on all of these claims. She here appeals only the adverse judgment on her discrimination claims.

The District Court noted that (1) in order to proceed on any of her discrimination claims, Monell must show that she filed a timely complaint with the EEOC; (2) to be timely, the charge would have to have been filed within 300 days of the unlawful employment practice complained of; (3) Monell was terminated on July 24, 2001; and (4) she filed her complaint with the EEOC on November 12, 2002. The District Court also noted that Monell's EEOC complaint did not claim age discrimination and, accordingly, her administrative remedies on that claim had not been exhausted. On this basis, the District Court entered summary judgment in favor of appellee.

In her *pro se* brief before us, Monell candidly acknowledges that her EEOC

2

complaint was not filed within 300 days of her July 24, 2001, employment termination. She insists that this is not dispositive, however, because of certain events occurring after her termination and before the filing of her EEOC complaint.

In February of 2002, after Monell's union had grieved her termination, counsel agreed upon a settlement under which the termination would be converted into a disciplinary suspension from June 1, 2001, to March 3, 2002, and Monell would be allowed to return to work. Monell did not return to work, however, and the dispute regarding the termination proceeded to an arbitration hearing on May 15, 2002, through May 18, 2002, and an ultimate decision in the employer's favor. On February 28, 2002, appellee's counsel wrote to the union's counsel referencing the settlement and reporting that Monell had not shown up for work as expected. The letter closed with the warning that "if she fails to report to work within five (5) working days of this letter, we will have no choice but to commence termination proceedings for job abandonment." App. at 1.

Monell's brief insists that these facts are relevant for three reasons, the first two of which relate to counsel's letter of February 28, 2002. First, Monell asserts that "up until the time [she] attended Arbitration, there still were issues of material fact as to whether she was a DPNR employee." Appellant's Br. at 7. Second, citing tolling principles, Monell insists that "there clearly are genuine issues of material fact as to whether the Government's letter ordering her back to work served to confuse [her] about the time for filing her EEOC claim." *Id.* at 8. As the District Court noted, however, "there is no evidence of any unlawful employment practice that occurred after July 24, 2001." *Monell*

3

*v. Gov't of the Virgin Islands, Dep't of Planning and Natural Resources*, Civ. No. 2003-0050, slip op. at 4 (D. V.I. (St. Croix) (Nov. 15, 2005)). The latest adverse employment action referred to in the complaint in this case and the latest adverse employment action referred to in Monell's EEOC complaint is her July 24, 2001, termination. Monell can recover here only if the July 24, 2001, termination was a product of unlawful discrimination, and it necessarily follows that the facts relied upon in Monell's brief are not relevant to the limitations issue. And even if it be true that Monell was confused, the February 28, 2002, letter does not provide a valid basis for tolling.

Finally, Monell states in her brief that her cause of action accrued "during the three-day Arbitration between May 15 to May 18, when she learned that she actually had been discriminated against by the Government. [App. 38, 40]." Appellant's Br. at 6. Monell's brief provides no further explanation of this conclusory assertion, however, and pages 38 and 40 of the appendix also provide none. Summary judgment cannot be avoided by conclusory statements of this kind.[1] *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 511 (3d Cir. 1994).

The judgment of the District Court will be affirmed.

---

[1]Monell complains that she "was unable to present evidence of this fact to the Court" because "Summary Judgment was granted by the Trial Court before any opportunity for Discovery." Appellant's Br. at 6. She does not explain why she needed discovery to explain what it was she learned at the arbitration hearing that she had not previously known.